**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAJED SHARIF, <u>et</u> <u>al.</u>, | Case No. ED CV 25-2834 FMO (KES) |
| Petitioners, | |
| v. | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |
| F. SEMAIA, <u>et</u> <u>al.</u>, | |
| Respondents. | |

On November 26, 2025, the court granted the Petition for Writ of Habeas Corpus (Dkt. 1) as to Count One and ordered respondents to release petitioners forthwith. (Dkt. 8, Court's Order of November 26, 2025, at 12). Petitioners were released that same day. (Dkt. 9, Respondents' Notice of Compliance at 1). In light of the relief ordered as to Count One, the court ordered petitioners to show cause in writing "why the remainder of the Petition should not be dismissed as moot" within seven days of the filing of respondents' Notice of Compliance. (<u>See</u> Dkt. 8, Court's Order of November 26, 2025, at 13). Respondents filed their Notice of Compliance on December 2, 2025. (Dkt. 9, Respondents' Notice of Compliance). Petitioners did not file a response to the Court's Order of November 26, 2025, and therefore did not address respondents' mootness argument. (<u>See</u>, <u>generally</u>, Dkt.); <u>see</u> <u>also</u> <u>Pamela S. v. Bisignano</u>, 2025 WL 2399145, *4 (E.D. Wash. 2025) ("If a party fails to counter an argument that the opposing party makes, the Court

may treat that argument as conceded."). Having reviewed the record, the court is persuaded that the case is now moot. Accordingly, IT IS ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus (Document No. 1) is **denied as moot as to Count Two**.

2. The above-captioned case is **dismissed without prejudice**.

3. Judgment shall be entered accordingly.

Dated this 20th day of March, 2026.

/s/
Fernando M. Olguin
United States District Judge